KATE B. SIBLEY *vs.* THE STATE OF CONNECTICUT.

First Judicial District, Hartford, October Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and GREENE, JS.

The underlying principle or theory of our Workmen's Compensation Act of 1913 (Chap. 138) is a contract, express or implied, entered into between the workman and his employer; and the existence of such a contract is essential to constitute one an "employee" within the meaning of that word as defined in § 43 of the Act. Accord-

ingly, a sheriff, who is chosen by the electors of his county to discharge the duties attaching to that position and is accorded a salary by the State to enable him to maintain his office, holds it, not as an "employee" under a contractual relation, but as a public official under a trust from the State, which has invested him with a portion of its sovereign power to be exercised in the interest of the public.

The obligation to pay the salary in such a case arises from the statute which prescribes it and not from any contract.

A *quasi*-contract, as the term itself implies, is no contract at all, and gives rise to no obligation or duty of a contractual character.

Argued October 5th—decided December 17th, 1915.

APPEAL by the defendant from an award of the Compensation Commissioner of the second district in favor of the plaintiff, taken to and reserved by the Superior Court in Windham County, *Webb, J.*, upon the findings of the commissioner, for the advice of this court. *Superior Court advised to set aside the award of the commissioner.*

*Charles E. Searls* and *Harry E. Back*, for the claimant.

*George E. Hinman*, Attorney-General, and *William A. King*, for the respondent.

THAYER, J.   Preston B. Sibley, the duly-elected and qualified sheriff of Windham County, in undertaking to board a trolley-car to go from his home to Putnam, in connection with the duties of his office, was thrown to the ground and received injuries which resulted in his death a short time afterward.

The Constitution of the State (Article Twenty-Eight of the Amendments) directs that a sheriff shall be elected in the several counties, and the statutes of the State provide the manner of his election by the electors of the county, fix the duties and salary attached to the office in each county, and provide that the salary shall be paid by the State.

The claimant was the wife and dependent of Sheriff

Sibley, and seeks compensation from the State for his injury and death, under the provisions of Part B of the Workmen's Compensation Act of 1913 (chapter 138). The commissioner of the second district awarded her compensation, and from that award the State appealed to the Superior Court, which reserved the case, upon the facts found by the commissioner, for the advice of this court.

That the injury which caused Sheriff Sibley's death arose out of and in the course of his employment, so as to entitle him to compensation provided he was an employee of the State within the meaning of the Act, has not been questioned before us. The respondent's claim is that according to the definition of the word "employee" given in § 43 of Part B of the Act, Sibley was not an employee of the state.

Part B, § 43, gives the following definition of employee and employer: "'Employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer. 'Employer' shall mean any natural person, corporation, firm, partnership, or joint stock association, the State, and any public corporation within the State using the services of another for pay; it includes also the legal representative of any such employer." The commissioner held that the sheriff while in the performance of his duties as such was an employee of the State within the meaning of the statute. As the statute by defining "employee" leaves no question as to its meaning, the commissioner must have held, and his memorandum of decision shows that he did hold, that the sheriff was working under a contract with the State while performing the duties of his office.

In this he was in error. The office of sheriff antedates the Constitution of the State, and that instrument, as already noticed, directs that a person shall be appointed

to fill that office. Among the duties imposed by statute upon the incumbent of the office is the conservation of the public peace within his county. He is authorized to suppress all tumults, riots, unlawful assemblies, and breaches of the peace, with strong hand, and he may raise the power of the county, and command any person to assist him in the execution of his office. General Statutes, § 1759. The rights, authority and duty thus conferred upon the sheriff by law, clearly invest him with a portion of the sovereign power of the government to be exercised by him for the public good. The office of sheriff is thus a public office as defined by us in *State ex rel. Stage* v. *Mackie*, 82 Conn. 398, 401, 74 Atl. 759, and numerous other cases, and by, so far as we know, all courts and text-writers. The incumbent of such an office holds it as a trust from the State not resting upon contract. *State ex rel. Rylands* v. *Pinkerman*, 63 Conn. 176, 182, 28 Atl. 110. He is a preserver of the public peace; he is not the hired servant of a master; no contract relation exists between him and the community or State. *Farrell* v. *Bridgeport*, 45 Conn. 191, 195. In *Seymour* v. *Over-River School District*, 53 Conn. 502, 509, 3 Atl. 552, as showing that a teacher in a school district is not a public officer, it was said: "He is not usually elected or appointed, but is employed—contracted with." Mechem on Public Officers, §§ 855, 856, says: "The relation between an officer and the public is not the creature of contract, nor is the office itself a contract. So his right to compensation is not the creature of contract. It exists, if it exist at all, as the creation of the law, and, when it so exists, it belongs to him not by force of any contract, but because the law attaches it to the office. . . . Unless . . . compensation is by law attached to the office, none can be recovered." Compensation to a public officer is a matter of statute and not of contract and it does not

depend upon the amount or value of the services performed, but is incidental to the office. *State ex rel. Evans* v. *Gordon,* 245 Mo. 12, 27, 149 S. W. 638, 641; *Leonard* v. *City of Terre Haute,* 48 Ind. App. 104, 114, 93 N. E. 872. A salary is attached to the office to enable the incumbent the better to perform the duties of his office. *State ex rel. Attorney-General* v. *Hawkins,* 44 Ohio St. 98, 109, 5 N. E. 228. It is the substantially universal rule that a person who is elected or appointed to a public office to which no salary or compensation is attached by law, can recover no compensation for his services although he qualifies and performs its duties, and for the reason that no contractual relation exists between him and the governmental agency by whom he is elected or appointed.

But it is urged in behalf of the claimant that the statute attaching a salary to the office of sheriff raises an obligation or duty on the part of the State to pay it, and that if it refuses to pay the law will give the sheriff an action *quasi ex contractu* upon the obligation, and that the officer is thus under a *quasi*-contract of service with the State. If for the argument's sake this were to be conceded, it would not advance the claimant's cause. A *quasi*-contract is no contract. Maine, Ancient Law (3d Amer. Ed.) 332, quoted with approval in Keener's Law of Quasi Contracts, p. 6. The term *quasi*-contract describes a situation where there is an obligation or duty arising by law upon which the same remedy is given as would be given if the obligation or duty arose out of contract. The term itself implies that the obligation or duty is not a contractual one. As we said in *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 145, 93 Atl. 245, the Workmen's Compensation Act is founded upon the theory of a contract existing between workman and employer. The contract may be established by evidence showing that an express contract was

entered into by the parties, or by evidence of facts and circumstances from which, as an inference of fact, it can legally be found that a contract of employment existed between them. There must be a real contract of employment, either expressed or implied, or there is no "employee" within the definition and meaning of the statute.

It is said in behalf of the claimant that the Compensation Act must be construed so as to be consistent with itself, and that as the definition of "employer" specifically says that it shall mean the State when using the services of another for pay, the definition of "employee" should be so construed as to be harmonious and not contrary to the definition of employer. And it is said that as an employer presupposes an employee and *vice versa*, and as the State was using the services of Sheriff Sibley for pay, it was his employer and the sheriff its employee.

The argument is more ingenious than convincing. If, as it assumes, the State used the services of the sheriff for pay when he was exercising for the public good a portion of the sovereign power of the State as a public officer and received the salary attached to the office, and if this made him an employee of the State, he was not, as we have shown, an employee under a contract. But we think he was not an employee, and that the State was not using his services for pay. He was performing a duty which he owed to the State, and the salary which was attached to the office was not given in payment for his services, but, as is said concerning public officers in *State ex rel. Attorney-General* v. *Hawkins*, 44 Ohio St. 98, 110, 5 N. E. 228, to enable him to perform his statutory duty as one of the public functionaries of the State exercising a portion of its sovereign powers. The State, like public municipal corporations and private firms and individuals, may be

and is a large employer of persons by contract. The State and the person or persons whom it employs to care for the lawns surrounding the capitol are as much employer and employee as are the householder and the person who is employed by him to mow his lawns; but no one would say that the Governor and other public officers who exercise the sovereign powers of the State and receive, as such officers, the salary attached by law to their offices, are mere employees of the State. While exercising those powers they represent the State. The office is a trust and not an employment; the salary attached is for the maintenance of the office and not a payment for the incumbent's services.

Our attention has been called to the fact that in several States where workmen's compensation acts contain definitions of "employer" and "employee" somewhat similar to those contained in our Act, public officials of the State are excepted from those who may receive compensation under the Act, and it is argued that it must have been understood by those enacting those Acts that public officers would be included within the definition but for the exception. The States referred to are California, Illinois, Iowa, Michigan, Minnesota, Nebraska and Wisconsin. An examination of those Acts shows that there is a very material difference between their definition of "employee" and that of our Act. Under their Acts, which are substantially alike, "employee," in the absence of the exception, means "every person in the service of the State . . . under any appointment or contract," etc. Under our Act "employee" includes only those persons who have entered into or work under a contract with an employer. Their definition, in the absence of the exception, would include not only those who work for the State under a contract, but also those who serve it under any appointment. As the latter might include

State officers, there was a reason for the exception. In this State, as we have shown by the cases cited, it has long been settled by judicial decision that no contractual relation exists between the State and its public officers. In describing an employee as a person who has entered into or works under a contract with the State or other employer, public officers were excluded, and there was no occasion for excepting them. As regards the right of such officers or their dependents to compensation from the State, the effect of our Act is the same as that of those in the States mentioned, unless it be in the State of California where, it seems (1 Bradbury's Workman's Compensation, 151), State officers are not excepted from the definition of employee.

We do not agree with the claimant in the suggestion that compensation by the State to public officers, in case of their injury while employed about their duties, is within the intent and spirit of the Compensation Act. Its title, Workmen's Compensation Act, its history showing at whose instigation such Acts were brought forward and passed, the considerations which were urged in support of them, as well as the fact that in nearly all of the States which have Compensation Acts such officers and their dependents are excluded from compensation under them, are a sufficient answer to the suggestion. We had occasion to refer to the purposes of such Acts, the intended beneficiaries of them, and the considerations upon which they were enacted, in *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 145, 146, 93 Atl. 245, and it is unnecessary to further refer to them here.

The Superior Court is advised to render judgment for the respondent setting aside the award of the commissioner.

In this opinion the other judges concurred.