[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (No. 101)
The plaintiffs, Trap Falls Realty Holding Limited Partnership and Trap Falls Development Corp., appeal the decision of the defendant, Shelton Board of Tax Review, which upheld the tax assessor's valuation of the plaintiffs' property. The parties agreed that the court could rely on the documents and affidavits in the file.
Exhibits and an affidavit filed by the plaintiffs disclose the following facts. The plaintiffs authorized an agent, Michael Mino, to act on behalf of the plaintiffs in tax assessment matters. After the assessor valued the property, the agent filled out the requisite form to appeal the decision to the defendant and specified an "in care of [c/o]" address on the form to which correspondence from the defendant should be sent. The defendant decided the plaintiffs' appeal on February 26, 1991, and mailed notice of its decision to the plaintiffs on March 5, 1991, to the address of the subject property, rather than the specified address. The agent, and therefore the plaintiffs, became aware of the decision on May 2, 1991. CT Page 10021
Pursuant to General Statutes 12-118 (1989), the plaintiffs appealed the defendant's decision. The plaintiffs served the defendant on May 6, 1991, and filed the appeal on May 8, 1991.
The defendant moves to dismiss the appeal on the grounds that: it was untimely filed; it was made returnable to the wrong judicial district; and it fails to cite the City of Shelton as a party. The plaintiffs oppose the motion and seek to transfer the appeal and amend the citation and recognizance to cite in the City of Shelton as a defendant.
"Once an issue of subject matter jurisdiction is raised, the court must dispose of this legal question as a threshold matter." Kinney v. State, 213 Conn. 54, 58,566 A.2d 670 (1989). General statutes section 12-118 provides that: "[a]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city may, within two months from time of such action, make application, in the nature of an appeal therefrom, to the superior court."
The defendant argues that the plaintiffs did not appeal the decision within the two month period set forth in section 12-118 and that, therefore, this court lacks subject matter jurisdiction over this appeal. The plaintiffs argue that, despite clear instructions, the defendant mailed notice of the decision to the address of the subject property rather than to the address specified on the complaint form. The plaintiffs further argue that the court should invoke its equitable authority to allow the appeal to proceed even though it is untimely.
Counsel have cited no appellate cases on the specific question of whether the two month time limitation in section12-118 is substantive and, therefore, necessary to the court's subject matter jurisdiction.
However, "[t]he right to appeal to the courts from the decision of an administrative agency exists only if given by statute [citations omitted]; and is conditioned upon strict compliance with the provisions by which it is created. [Citations omitted.] The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it. [Citations omitted.]" Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 550, 489 A.2d 358
(1985) (appeal under the Uniform Administrative Procedure Act). See also Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283, 487 A.2d 559 (1985) (appeal from CT Page 10022 zoning board decision); Gregersen v. Town of Wilton,1 Conn. L. Rptr. 111 (December 18, 1989, Cioffi, J.) (appeal under section12-118).
The two month limitation period in section 12-118 is jurisdictional because the statute creates the right to appeal. The question of compliance with the limitation may be properly considered on a motion to dismiss.
The defendant made its decision on February 26, 1991, the date that triggers the two month period. See section12-118. The plaintiff served the defendant on May 6, 1991, after the two month deadline had expired. The plaintiffs' failure to comply with section 12-118 deprives the court of jurisdiction.
Nevertheless, the plaintiffs argue that they did not receive notice of the decision until near the end of the two month period because the defendant failed to follow written directions about where the decision should have been mailed. Plaintiffs' argument cannot help them because they could have inquired as to the defendant's decision one week after the decision was made. See General Statutes section 12-111 (board of tax review must report determinations of appeals in writing within one week after the determination).
The appeal is dismissed for lack of subject matter jurisdiction.
E. EUGENE SPEAR, JUDGE