In this case, the plaintiff's decedent suffered fatal injuries when he fell out of a truck being driven by the defendant, Constructive Workshops, Inc., a private, non-profit vocational rehabilitation facility designed to provide employment opportunities for disabled persons. Following this accident, the plaintiff filed a workers' compensation claim against the defendant. The defendant and its insurer denied the claim, at least in part, on the ground that the decedent "is not an employee of the insured." Plaintiff's Exhibit D. CT Page 5401
The plaintiff then brought the instant action, claiming, inter alia, that the decedent's death was attributable to the defendant's negligence. The defendant asserted in its first special defense that the decedent was an employee of the defendant, that his injuries arose within the scope of his employment, and that the plaintiff's claims are, therefore, barred by the exclusivity provision of the workers' compensation statute, General Statutes 31-284.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). "The moving party has the burden of showing the absence of any genuine issues as to all material facts, which under principles of applicable law entitled him to judgment as a matter of law. The movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
An employer-employee relationship is a condition precedent to the right to claim workers' compensation benefits. Castro v. Viera, 207 Conn. 420, 434-37, 541 A.2d 121 (1988). Coverage under the act must arise from a contract of employment, either express or implied. Kinney v. State, 213 Conn. 54, 59,56 A.2d 670, U.S. cert. denied 111 S.Ct. 27 (1989); Castro, supra, 435-36; Blancato v. Feldspar Corp., 203 Conn. 34, 38, 522 A.2d 123
(1987). For an employee to recover under the Workers' Compensation Act, his personal injury must arise out of and in the course of his employment. McDonough v. Connecticut Bank Trust Company, 204 Conn. 104, 110-11, 527 A.2d 664 (1987); Mora v. Aetna, 13 Conn. App. 208, 212, 535 A.2d 390 (1988).
The question of whether the decedent was "employed" under the workers' compensation statute presents an issue of material fact, and the defendant must therefore show that the answer to this question is beyond reasonable dispute in order to be entitled to summary judgment. Plaintiff's exhibits C and D, in which the defendant itself denies workers' compensation coverage on the basis that the decedent was not an employee, are sufficient to show that it is at least reasonably debatable that the decedent might have been an "employee" under the Workers' Compensation Act, and that a genuine issue of material fact therefore exists.
Based on the foregoing, the defendant has not met its burden of showing that there are no genuine issues of material fact. The motion for summary judgment is denied. CT Page 5402