[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS FRANK BROWNELL AND WILLIAM BROWNELL'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, James DiLeonardo, filed a revised complaint on November 21, 1991, alleging in a single count that he suffered damages arising out of an accident while a passenger in a truck being operated by defendant William Brownell and owned by defendant Frank Brownell. The plaintiff alleges that William Brownell was negligent in the operation of the motor vehicle, that this negligence proximately caused his injuries and losses, that William Brownell was operating the motor vehicle as the agent of Frank Brownell, and he seeks money damages from both defendants.
The defendants, William and Frank Brownell, have filed an answer and two special defenses. The first special defense alleges that the plaintiff's claim is barred by the provisions of General Statutes 31-284.
Before the court at this time is a motion for summary judgment on the first special defense filed on behalf of both defendants. The basis of the motion is a claim by the defendants that this common law action is barred by 31-284 because at the time of the accident they were the employers of the plaintiff, and that there is no genuine issue of material fact with respect to that employer-employee relationship. Each side has filed a memorandum of law and supporting documents.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that CT Page 2034 there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Ct. Light and Power Co., 7 Conn. App. 164, 167 (1986). The burden of proof is on the moving party. State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact. . . ." Daily v. New Britain Machine Co., 200 Conn. 562,569, 512 A.2d 893 (1986). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984), quoting Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
The purpose behind the Workers' Compensation Act is to compensate a worker for injuries arising out of and in the course of employment, regardless of fault, by imposing a form of strict liability upon the employer. Collins v. West Haven, 210 Conn. 423,425, 555 A.2d 981 (1989). The legislation is remedial in nature and should be broadly construed to accomplish its purpose. Kinney v. State, 213 Conn. 54, 49, 566 A.2d 670 (1989). An employee who has a right to benefits under the Workers' Compensation Act may not pursue an action against his employer for damages or personal injuries. Panaro v. Electrolux Corporation, 208 Conn. 589, 599, 545 A.2d 1086 (1988). With limited exceptions, suits against fellow employees are prohibited by General Statutes 31-293(a). Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
Section 31-284(a), known as the exclusivity provision of the Workers' Compensation Act, provides in pertinent part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . . CT Page 2035 All rights and claims between employer and employees, or any representative or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter
See also Bouley v. Norwich, 222 Conn. 744, 752, 610 A.2d 1245
(1992). Whether the right to workers' compensation also bars an action against a fellow employee for damages for personal injuries is a question of law. McKinley v. Musshorn, 185 Conn. 616,619, 441 A.2d 600 (1981).
With regard to suits against fellow employees, General Statutes 31-293(a), provides in pertinent part:
 No right against fellow employees, exception. If an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee . . . such rights shall be the exclusive remedy . . . and no action may be brought against such fellow employee unless such wrong . . . is based on the fellow employee's negligence in the operation of a motor vehicle. . . .
Id.
The claim of the defendant William Brownell is that he was the employer of the plaintiff, that the accident occurred during the course of and arising out of that employment, and therefore31-284(a) bars this cause of action as to him. The plaintiff maintains that he and William Brownell were fellow employees, that the cause of action is based upon negligence in the operation of a motor vehicle, and therefore that the so-called motor vehicle exception as provided in 31-293(a) is applicable and the suit can be maintained.
The affidavit of William Brownell and the deposition of the plaintiff assert that William Brownell was in the roof repair business, that the plaintiff was employed by him on an hourly basis, that at the time of the accident the plaintiff was CT Page 2036 accompanying William Brownell to a dump to dispose of a load of debris which had just been removed from a job site, and that at that time the plaintiff was performing the duties for which he had been hired. In particular, the plaintiff's own deposition states unequivocally that he was working for William Brownell on the day of the accident, had been so employed for two months prior to the date of the accident working a thirty-five to forty hour week, and that he was paid on an hourly basis in cash at the end of every week. The plaintiff's claim is that he and William Brownell were fellow employees because they worked side by side.
It is quite clear from the documentary evidence offered in support of the motion for summary judgment that an employer-employee relationship existed between the plaintiff and the defendant William Brownell at the time of the accident in question, and that there is no genuine issue of fact relative to the first special defense as it is pleaded by that defendant. Accordingly, the motion for summary judgment on the first special defense is granted as to the defendant William Brownell.
As far as the defendant Frank Brownell is concerned, the cause of action against him is based on the claim that he was the owner of the truck that defendant William Brownell was operating as his agent, that his agent was negligent in the operation of the truck, that this negligence of the agent is imputed to the principal, and that Frank Brownell is liable to the plaintiff for his damages. There is absolutely nothing in either memorandum, either affidavit, or in the plaintiff William Brownell's deposition which suggests that Frank Brownell was an employer of the plaintiff.
Accordingly, for the reasons above stated, the motion for summary judgment filed on behalf of both defendants is granted in favor of the defendant William Brownell and is denied as to the defendant Frank Brownell.
Hadden, J. CT Page 2037