[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS MOTION TO STRIKE
This is a foreclosure action brought by the plaintiff, Federal Deposit Insurance Corporation, as Receiver for Connecticut Savings Bank, to foreclose a mortgage given by the defendant, Gary D. Smith, to Connecticut Savings Bank.
The complaint alleges the following. On October 26, 1990, the defendant executed a note in the amount of $2,240,000.00 to Connecticut Savings Bank promising to pay said sum with interest as provided in the note. In order to secure the note, the defendant mortgaged to Connecticut Savings Bank a parcel of land known as 230 Shore Road, Old Lyme, Connecticut. The defendant is in default on the note. The plaintiff is currently the holder of the note and mortgage in its capacity as a receiver for Connecticut Savings Bank.
The defendant has filed five special defenses to this foreclosure action which include allegations that the note and mortgage were altered by the plaintiff's counsel without the defendant's knowledge at the time of execution, that the plaintiff failed to modify the interest rate on the note in accordance with the loan documents, that an accord and satisfaction existed concerning the monthly payment on the note, that the plaintiff failed to properly credit payments made by the defendant and, finally, that the plaintiff seeks equitable relief judgment but comes to this court with "unclean hands." The defendant has also filed two counterclaims which allege a breach of the implied covenants of good faith and fair dealing and tortious interference with a contract.
The plaintiff has moved to strike the defendant's special CT Page 11418 defenses and counterclaims on the three grounds: first, that this court lacks subject matter jurisdiction over the claims because of the defendant's failure to exhaust federal administrative procedure pursuant to 12 U.S.C. § 1821 et seq; second, that the common law doctrine of D'Oench Duhme and 12 U.S.C. § 1823(e) estop the defendant from asserting such claims; and, third, that the "clean hands" doctrine is not a valid defense to a foreclosure action.
The defendant urges this court to deny the plaintiff's motion to strike on the ground that the plaintiff has improperly alleged facts outside of the pleadings.
A motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152(1). A motion to strike is also properly used to contest "the legal sufficiency of any answer to any complaint, counterclaim, or cross-complaint, or any part of that answer including any special defense contained therein . . ." Practice Book 152(5). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passiniv. Decker, 39 Conn. Sup. 20, 21 (1983). However, "[i]f the allegations in the challenged pleading support any legally sufficient defense, the motion to strike must be denied." Krasnowv. Christensen, 40 Conn. Sup. 287, 288 (1985).
When ruling on a motion to strike, "a trial court must take the facts to be those alleged in the complaint." Liljedahk Bros.,Inc. v. Grigsby, 215 Conn. 345, 348 (1990). Furthermore, "[w]here the legal grounds for such a motion are dependant upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." Id.
The plaintiff has improperly used the motion to strike to challenge the court's subject matter jurisdiction over the defendant's special defenses and counterclaims. In doing so, the plaintiff imparts facts outside the record that assert the defendant has failed to exhaust his administrative remedies under federal law.
"Once an issue of subject matter jurisdiction is raised, the CT Page 11419 court must dispose of this legal question as a threshold matter."Kinney v. State, 213 Conn. 54, 58 (1989). Under the Practice Book, a challenge to the court's subject matter jurisdiction is properly done by a motion to dismiss. Practice Book § 145(1). At this juncture, the court has no evidence before it which would either support or refute the plaintiff's claim that the defendant has failed to exhaust his administrative remedies.
The court must deny the plaintiff's motion to strike claiming lack of subject matter jurisdiction because the plaintiff has improperly used the motion to raise matters which are jurisdictional in nature and are dependent on facts outside of the pleadings. Furthermore, inasmuch as the plaintiff raised the issue of subject matter jurisdiction, the court cannot address the plaintiff's other claims regarding the defendant's special defenses and counterclaims until the jurisdiction of this court as to the counterclaims and special defenses is resolved.
For the reasons stated above, the plaintiff's motion to strike the special defenses and the counterclaims of the defendant is denied.
Hendel, J.