[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant filed a motion to strike based on the following grounds: 1) the plaintiff's action is barred by the statute of limitation; 2) a necessary party is absent from the plaintiff's action; or 3) the Employee Retirement Income Security Act preempts the plaintiff's cause of action.
The court denies the motion to strike.
On September 4, 1997, the pro se plaintiff, Thomas Tyndall filed a complaint sounding in breach of contract against the defendant, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 677 ("Union"). The following facts are alleged in the complaint: In 1951, 1952, and 1954, the plaintiff was a driver for Trudon and Platt Motor Lines, Inc. ("Trudon"). During these years, the plaintiff was a member of the defendant Union and was covered by the collective bargaining agreement between the Union and Trudon.
In 1958 the Union entered into a new collective bargaining agreement with the trucking industry employers in the Union's local jurisdiction. As part of this agreement, the Union negotiated a pension benefit for its members "by an employer who CT Page 2524 became or would have become a contributing employer to the fund." (Plaintiff's complaint, ¶ 8). The pension benefit was made retroactive prior to 1951 for those members who were employed for at least 135 days for each year the benefit was claimed. At the time this agreement was signed, Trudon was not a party to the agreement. At some later point, however, Trudon signed the agreement. (Plaintiff's complaint, ¶ 11).
The plaintiff qualified for the pension benefit because he worked more than 135 days during 1951, 1952, and 1954 and he was a Union member when the agreement was signed. Then, in 1965 the secretary of the Union assured the plaintiff that he was entitled to pension credits for the years 1951, 1952 and 1954.
When the defendant retired in February 1995, he applied for the pension benefits he believed he was entitled to receive. In April 1995, he was notified that he would not receive pension credits for the years 1951, 1952 and 1954. The plaintiff's complaint sounds in breach of contract against the Union for failing to protect the plaintiff's pension credits.
On October 20, 1997, the defendant filed a motion to strike the plaintiff's complaint.[1] In the introduction, the defendant argues that "the plaintiff's lawsuit must fail" for three reasons. First, the plaintiff's lawsuit is untimely. Second, the plaintiff's complaint admits that pension benefits were owed by a non-party. Third, the court lacks subject matter jurisdiction because all state law remedies are pre-empted by the Employee Retirement Income Security Act (ERISA).
The plaintiff filed a memorandum in opposition to the defendant's motion to strike on October 31, 1997. Then on November 12, 1997, the defendant filed a reply brief in support of its motion to strike. On December 4, 1997, the plaintiff filed a response to the defendant's reply brief.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted; citations omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997).
Practice Book § 154 provides, "[e]ach motion to strike raising any of the claims of legal insufficiency . . . shall distinctly specify the reason or reasons for each such claimed CT Page 2525 insufficiency." Practice Book § 155 states, "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Therefore, the moving party must file a motion to strike and a supporting memorandum of law. A motion to strike that fails to comply with Practice Book § 154 is "`fatally defective' . . . notwithstanding the defendant's inclusion of such reasons in its supporting memorandum." Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991).
The defendant in the present case failed to file a motion to strike. Instead, the defendant filed a memorandum of law in support of a motion to strike and entitled it "Motion to Strike." The court may still give consideration to the defendant's motion despite its improper form if no objection is raised by the opposing party. Bouchard v. People's Bank, supra, 219 Conn. 468
n. 4.
The pro se plaintiff in this matter did not object to the form of the defendant's motion to strike. However, some degree of leniency towards pro se parties is permitted. Swenson v. Dittner,183 Conn. 289, 295 n. 3, 439 A.2d 334 (1981).
1. Statute of Limitations
The defendant moves to strike the plaintiff's complaint on the ground that the action is barred by the applicable statute of limitations.[2] The plaintiff counters that pursuant to General Statute § 52-595, the statute of limitation did not begin to run until 1995, when the plaintiff discovered that he would not receive pension credits.[3] The defendant responds in his reply brief that the plaintiff failed to allege sufficient facts to support a claim of fraudulent concealment pursuant to §52-595. The plaintiff argues that the complaint sufficiently alleges the elements of fraudulent concealment.
Pursuant to Practice Book § 164, a statute of limitations defense must be raised as a special defense, and not a motion to strike. Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389
(1993). A motion to strike may raise the defense of the statute of limitations when, "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations and that therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . [or] a statute gives a right of action which did CT Page 2526 not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone. . . ." (Citation omitted; internal quotation marks omitted.) Id.
Neither exception applies to the present case. The parties in the present matter do not agree that the complaint sets forth all the necessary facts to determine whether the plaintiff's action is barred by the statute of limitations. (Defendant's October 20, 1997 memorandum of law, p. 2 n. 1.) The second exception clearly is inapplicable to this matter.
Further, the plaintiff is not required to plead facts in anticipation of the defense of the statute of limitations. Forbesv. Ballaro, supra, 31 Conn. App. 241 n. 9. "The purpose of the general rule prohibiting the use of a motion to strike to raise a statute of limitations defense is to give the plaintiff an opportunity to plead fraudulent concealment in avoidance of the statute of [limitations]." Cassidento v. Mathis, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 537124 (January 24, 1996, Aurigemma, J.).
The defendant's motion to strike on the ground that the plaintiff's cause of action is barred by the statute of limitations is denied.
The defendant moves in the alternative to strike the plaintiff's complaint on the ground that the plaintiff's action fails to join a necessary party, New England Teamsters Trucking Industry Pension Fund ("New England Teamsters"). The defendant argues in its memorandum of law that New England Teamsters is a necessary party because New England Teamsters denied the plaintiff payment. The plaintiff responds that New England Teamsters is not a necessary party to the present matter because New England Teamsters pays out pension benefits that reflect the amount of credit provided to it by the defendant Union.
Practice Book § 152 provides in relevant part, "[a] motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." The defendant in this matter failed to provide in its memorandum of law or in its reply brief in support of its motion what CT Page 2527 interest New England Teamsters has in the plaintiff's cause of action.
Furthermore, it is unclear from the plaintiff's complaint what interest New England Teamster would have in this action. The plaintiff alleges in the complaint that the defendant union breached a contract with the plaintiff by failing to protect his pension benefits and by failing to compensate him for the value of his pension credits. See, e.g., Casa Builders, Inc. v. Siegel, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312128 (June 30, 1994, Damiani, J.). The plaintiff does not allege that he contracted with New England Teamsters. Finally, the plaintiff seeks damages from the defendant union, not New England Teamsters.
The defendant has not complied with Practice Book § 152 and the court is unable to determine what New England Teamsters interest is in the present matter. Therefore, the defendant's motion to strike on the ground that a necessary party is absent from the present action is denied.
Lastly, the defendant moved to strike the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction over the plaintiff's lawsuit because it is preempted by The Employee Retirement Income Security Act of 1974 (ERISA),29 U.S.C. § 1001, et seq.
A challenge to the court's subject matter jurisdiction is properly raised by a motion to dismiss, not a motion to strike. Practice Book § 143. "Once an issue of subject matter jurisdiction is raised, the court must dispose of this legal question as a threshold matter." Kinney v. State, 213 Conn. 54,58, 566 A.2d 670, cert. denied, 498 U.S. 251 (1989).
The defendant's claim that the plaintiff has an ERISA cause of action impart facts that are outside the record. "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The court has insufficient evidence at this point to determine whether ERISA preempts the plaintiff's cause of action.
Furthermore, the defendant failed to cite a single case to CT Page 2528 support his claim that the plaintiff's lawsuit is pre-empted by ERISA. Pursuant to Practice Book § 155, "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." The purpose of Practice Book § 155 is "to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer, 200 Conn. 400, 402,538 A.2d 703 (1986). See Rebound Physical Therapy SportsRehabilitation v. Jackman, Superior Court, judicial district of Waterbury, Docket No. 132940 (December 12, 1996, Murray, J.) (The defendant failed to refer the court to legal authority in support of their motion to strike a CUTPA claim. The court refused to accept the CUTPA issue as submitted to the court because of its procedural infirmity.)
The court denies the defendant's motion to strike on the ground that the court lacks subject matter jurisdiction over the plaintiff's cause of action, because the defendant's motion and supporting memorandum of law are procedurally infirm and are improperly before the court.
The defendant's motion to strike the plaintiff's complaint is denied on all three grounds.
KULAWIZ, J.