## IN RE DELEON J.*
(SC 18228)

Rogers, C. J., and Katz, Vertefeuille, Zarella and Schaller, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

Argued November 18, 2008—officially released February 10, 2009

*Rosemarie T. Weber,* for the appellant (respondent mother).

*Owen F. Murphy,* for the minor child.

*Opinion*

ROGERS, C. J. The respondent mother appeals from the judgment of the trial court denying her petition for reinstatement of guardianship of her minor child, DeLeon J. The dispositive issue[1] in this appeal is whether the trial court improperly failed to provide adequate notice to the respondent of the time and date for the hearing on her petition, thereby violating her right to due process under the fourteenth amendment to the United States constitution.[2] We conclude that it did and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history inform our disposition of the respondent's claim. On September 21, 2000, the trial court found the child to be neglected and ordered the department of children and families (department) to provide protective supervision for the child. The respondent subsequently filed a motion to transfer guardianship of the child to his maternal grandmother (grandmother). By agreement of the parties, the court granted the respondent's request and transferred guardianship to the grandmother on April 22, 2002.[3]

---

[1] The respondent raises several additional claims in her appeal. Specifically, she claims that the trial court improperly: (1) failed to hold an evidentiary hearing on the question of the trial court's subject matter jurisdiction over the custody and guardianship of the child; (2) denied the respondent's petition without first holding an evidentiary hearing on the merits of her petition; and (3) failed to order the department of children and families to conduct an investigation pursuant to Practice Book § 35a-20. She also claims that the trial court made improper findings on the basis of an unsworn hearsay statement by the child's attorney, and that she was denied her right to effective assistance of counsel. Because these claims are unlikely to arise on remand to the trial court, we do not address them. See *State* v. *Calabrese*, 279 Conn. 393, 413, 902 A.2d 1044 (2006).

[2] The fourteenth amendment to the United States constitution, § 1, provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

[3] Although the department originally was a party to this case, its interest terminated when the court ordered the grandmother to assume guardianship of the child. The department has filed a letter with the clerk of the Appellate Court indicating that it is not a party to this appeal, and none of the remaining parties dispute the department's status.

On August 2, 2007, the respondent filed a petition for reinstatement as the child's guardian, pursuant to General Statutes § 45a-611 (a)[4] and Practice Book § 35a-20.[5] The court assigned a hearing date of September 10, 2007.

At the September 10, 2007 hearing, attorney Owen Murphy, counsel for the child,[6] informed the court that, as of June, 2007, the child no longer was living in Connecticut. The court continued the matter to October 1, 2007, to address the issue of the court's jurisdiction. At the hearing on October 1, 2007, the court appointed attorney Sonje Williams to represent the respondent and allowed Williams time to research the issue of whether the court retained subject matter jurisdiction over the custody and guardianship of the child. The court ordered the parties to return on October 30, 2007.[7]

[4] General Statutes § 45a-611 (a) provides in relevant part: "Any parent who has been removed as the guardian of the person of a minor may apply to the court . . . which removed him or her for reinstatement as the guardian of the person of the minor, if in his or her opinion the factors which resulted in removal have been resolved satisfactorily."

[5] Practice Book § 35a-20 provides in relevant part: "Whenever a parent or legal guardian whose guardianship rights to a child were removed and transferred to another person by the superior court for juvenile matters seeks reinstatement as that child's guardian, the parent or legal guardian may file a petition with the court that ordered the transfer of guardianship. . . ."

[6] At oral argument, Murphy stated that the court had appointed him as both the child's attorney and the child's guardian ad litem. It is questionable whether the court had the authority to appoint counsel to represent the child in such a dual capacity. See General Statutes § 45a-620 ("The [c]ourt . . . may appoint counsel to represent or appear on behalf of any minor in proceedings brought under sections 45a-603 to 45a-622, inclusive, and sections 45a-715 to 45a-717, inclusive. . . . In all cases in which the court deems appropriate, the court shall also appoint a person, other than the person appointed to represent the minor, as guardian ad litem for such minor to speak on behalf of the best interests of the minor . . . ."); see also In re Christina M., 280 Conn. 474, 491–92, 908 A.2d 1073 (2006) (distinguishing role of child's attorney as advocate for child from role of guardian ad litem as representative of child's best interests); Ireland v. Ireland, 246 Conn. 413, 435–40, 717 A.2d 676 (1998) (same). Because this issue is not relevant to our disposition of the respondent's appeal, we do not address it further.

[7] The file indicates that, on October 1, 2007, the court made a finding that the child was living with his father in South Carolina and that the court

On October 30, 2007, the court heard oral argument on the issue of jurisdiction. The respondent, although initially present, abruptly left the courtroom during the argument and did not return. At the end of the oral argument, the court stated: "[I]t feels like it should be a South Carolina case" and ordered the parties to submit written briefs addressing two issues: (1) the court's jurisdiction over the custody and guardianship of the child; and (2) the respondent's right to an evidentiary hearing to determine the court's jurisdiction. The court further ordered Murphy to visit the child in South Carolina, where the child was residing with his father, to investigate the child's status. The court then continued the matter to December 10, 2007, for the purpose of addressing the jurisdictional issues.

On December 6, 2007, Williams filed a motion to withdraw as the respondent's counsel. On the following day, Murphy filed with the court a report in which he set forth his findings from his visit and recommended that it was in the child's best interest to remain with his father in South Carolina.

On December 10, 2007, Murphy and the grandmother appeared before the trial court, but the respondent and Williams did not appear. Instead, attorney Robert Moore indicated that he was "covering" for Williams in representing the respondent.[8] Neither Moore nor Williams,

---

lacked jurisdiction over the child's custody and guardianship. The parties agree, however, that the court did not render judgment at that time and intended to revisit its conclusion with respect to its jurisdiction. The court, in fact, reversed its conclusion in its March 26, 2008 ruling on the respondent's motion for articulation of the court's denial of her petition.

[8] The scope of Moore's "coverage" of Williams apparently was limited to addressing Williams' motion to withdraw. Moore made no statements on behalf of the respondent with respect to the jurisdiction of the court or the merits of the respondent's petition for reinstatement. The only statement that Moore made was "to report . . . that the attorney-client relationship had deteriorated to such that . . . Williams did not want to be here for safety reasons."

however, submitted a brief on the jurisdictional issues that the court previously had raised. After a brief discussion, the court, relying on Murphy's report, stated that it was in the best interest of the child to remain with his father in South Carolina and that it was "not convinced" that it had jurisdiction. The court then denied the respondent's petition for reinstatement of guardianship. This appeal followed.[9]

On appeal, the respondent claims that, pursuant to § 45a-611, she was entitled to a hearing on the merits of her petition for reinstatement of guardianship and that the court violated her right to due process by denying her petition without providing her with adequate notice of the time and date for that hearing. We agree.

Before we address the merits of the respondent's claim, we must address the trial court's wavering conclusion as to its jurisdiction over the custody and guardianship of the child. "[S]ubject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . and a judgment rendered without subject matter jurisdiction is void. . . . Further, it is well established that a reviewing court properly may address jurisdictional claims that neither were raised nor ruled on in the trial court. . . . Indeed, [o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 535, 911 A.2d 712 (2006). "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law,

---

[9] The respondent appealed from the judgment of the trial court to the Appellate Court and this court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

our review is plenary. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) Id., 532–33.

The court's jurisdiction in the present case is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (act), General Statutes § 46b-115 et seq. General Statutes § 46b-115*l* (a) provides in relevant part: "[A] court of this state which has made a child custody determination pursuant to sections 46b-115k to 46b-115m, inclusive, has exclusive, continuing jurisdiction over the determination until: (1) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of the child, (B) a parent or a person acting as a parent continues to reside in this state but the child no longer has a significant relationship with such parent or person, and (C) substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships."

On March 26, 2008, the trial court issued an articulation of its denial of the respondent's petition. In addressing the issue of jurisdiction, the court noted that it had made an initial child custody determination, pursuant to General Statutes § 46b-115k, when it ordered protective supervision of the child on September 21, 2000, and that it subsequently had modified that disposition on April 22, 2002, when it ordered guardianship of the child to be transferred to the grandmother. The court further determined that the respondent and the grandmother both reside in Connecticut. The court concluded, therefore, that its exclusive, continuing

jurisdiction had not expired pursuant to § 46b-115*l* (a) (1). We agree with the court's conclusion because § 46b-115*l* (a) (1) requires both parents to reside outside of Connecticut before the court's continuing jurisdiction expires, and the parties do not dispute that the respondent remains a resident of this state. We further observe that there is nothing in the record from which the trial court could have concluded that the prerequisites to the expiration of its continuing jurisdiction under subdivision (2) of § 46b-115*l* (a) had been met. See *D.S.* v. *Dept. of Children & Families*, 888 So. 2d 85, 87 (Fla. App. 2004) (under act, jurisdiction of Connecticut court continues until relinquished by that court). Accordingly, we conclude that the trial court properly asserted continuing jurisdiction over the custody and guardianship of the child.

Turning to the merits of the respondent's due process claim, we observe that "[f]or more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. . . . It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. . . . Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . Instead, due process is a flexible principle that calls for such procedural protections as the particular situation demands." (Citations omitted; internal quotation marks omitted.) *All Brand Importers, Inc.* v. *Dept. of Liquor Control*, 213 Conn. 184, 208–209, 567 A.2d 1156 (1989). "[T]hese principles require that a [party] have . . . an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn.

481, 512, 778 A.2d 33 (2001); see also *In re Stacy G.*, 94 Conn. App. 348, 355–56, 892 A.2d 1034 (2006) (court abused discretion in denying respondent's request for continuance of hearing where court had given respondent time to obtain certain evidence but then held hearing and denied respondent's request for reinstatement of guardianship before that evidence could be obtained).

Section 45a-611, which provides the procedure through which a parent may seek reinstatement of guardianship of his or her child, provides in relevant part: "(b) In the case of a parent who seeks reinstatement, the court shall hold a hearing following notice to the guardian, to the parent or parents and to the minor, if over twelve years of age, as provided in section 45a-609. If the court determines that the factors which resulted in the removal of the parent have been resolved satisfactorily, the court may remove the guardian and reinstate the parent as guardian of the person of the minor, if it determines that it is in the best interests of the minor to do so. At the request of a parent, guardian, counsel or guardian ad litem representing one of the parties, filed within thirty days of the decree, the court shall make findings of fact to support its conclusions."

The transcript of the October 30, 2007 hearing clearly reveals that the sole purpose of the December 10, 2007 hearing was for the parties to submit briefs and present arguments with respect to the court's jurisdiction over the custody and guardianship of the child.[10] The court gave no indication that it would decide the merits of the respondent's petition on that date.[11] Accordingly,

---

[10] At oral argument before this court, Murphy agreed that the court scheduled the December 10, 2007 hearing for the sole purpose of addressing the court's jurisdiction over the custody and guardianship of the child.

[11] Because the legal issue of the court's jurisdiction was the only issue that the court ordered the parties to address on December 10, 2007, we find it insignificant that the respondent did not appear at the hearing. We are not aware of, and the parties have not identified, any statute or rule of practice that requires a party to attend a hearing wherein that party's counsel

the respondent had no notice that on December 10, 2007, the court would address either of the two substantive issues raised by her petition: whether the factors that resulted in the removal of guardianship had been resolved and whether reinstatement of guardianship was in the best interest of the child.[12] See General Statutes § 45a-611 (b). The trial court therefore improperly expanded the scope of the December 10, 2007 hearing without providing prior notice to the respondent, in violation of the respondent's right to due process. See *All Brand Importers, Inc.* v. *Dept. of Liquor Control*, supra, 213 Conn. 208–209.[13]

The judgment is reversed and the case is remanded to the trial court for a hearing on the respondent's

argues purely legal questions. Accordingly, we conclude that the respondent's absence from the December 10, 2007 hearing provided no basis for an adverse ruling on the merits of her petition for reinstatement of guardianship.

[12] Murphy relies on Practice Book § 34a-4 for the proposition that the court properly decided the respondent's petition in her absence. That reliance, however, is misplaced. Section 34a-4 provides that the court, in counsel's absence, may decide matters on the short calendar docket requiring oral argument or counsel's presence if the other party requests a decision on the matter. In this case, the record reflects that the respondent's motion for reinstatement of guardianship was not scheduled on the December 10, 2007 short calendar docket. Section 34a-4 therefore does not apply.

[13] The parties dispute whether the December 10, 2007 proceeding satisfied the requirement set forth in § 45a-611 that the court shall hold a hearing on a respondent's petition for reinstatement of guardianship. See *In re Shanaira C.*, 105 Conn. App. 713, 716–17, 940 A.2d 817 (hearing on motion to revoke commitment of child to custody of department, pursuant to Practice Book § 35a-14 [b]); id., 720 ("Due process does not mandate full evidentiary hearings on all matters, and not all situations calling for procedural safeguards call for the same kind of procedure. . . . So long as the procedure afforded adequately protects the individual interests at stake, there is no reason to impose substantially greater burdens . . . under the guise of due process. . . . The bottom-line question is whether the denial rendered the [proceeding] fundamentally unfair . . . ." [Citation omitted; internal quotation marks omitted.]), cert. granted, 286 Conn. 917, 945 A.2d 977 (2008). Because we conclude that the respondent did not receive proper notice that the court would decide the merits of her petition on that date, we do not reach the question of whether the December 10, 2007 proceeding satisfied the respondent's statutory and due process rights to a hearing.

petition for reinstatement of guardianship of the minor child.

In this opinion the other justices concurred.