LASALLE BANK, NATIONAL ASSOCIA-
TION (TRUSTEE) *v.* PAUL S.
BIALOBRZESKI ET AL.
(AC 30911)

Flynn, C. J., and Bishop and Robinson, Js.*

_____

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 13—officially released September 21, 2010

*Paul S. Bialobrzeski,* pro se, the appellant (defendant).

*Andrew P. Barsom,* for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The pro se defendant Paul S. Bialobrzeski[1] appeals from the judgment of strict foreclosure

---

[1] At trial, Robert Fishman, trustee for C & F Associates #2, also was a defendant, but he is not a party to this appeal. In this opinion, we refer to Bialobrzeski as the defendant.

rendered in favor of the plaintiff, LaSalle Bank, National Association, as trustee for WMABS Series 2006-HE2 Trust.[2] On appeal, the defendant claims that it was improper for the trial court to deny his motion to dismiss the action because the plaintiff lacked standing. Because the record is devoid of a factual finding as to when the plaintiff acquired the note, we are unable to review the claim as to the court's subject matter jurisdiction. See Practice Book §§ 60-5 and 61-10. We, therefore, reverse the judgment of the trial court and remand the case for further proceedings.

The following procedural history is relevant to the defendant's appeal. On October 29, 2007, the plaintiff caused a writ of summons and complaint to be served on the defendant to foreclose the mortgage on real property at 121 Colonial Avenue in Middlebury. The defendant filed a pro se appearance on November 16, 2007. On December 14, 2007, the defendant filed an answer to the complaint in which he admitted that (1) he owned the real property at 121 Colonial Avenue in Middlebury, (2) on March 16, 2006, he executed and delivered to Long Beach Mortgage Corporation a note in the original principal amount of $350,000, and (3) he was the owner of the equity of redemption in the property and was in possession of the property. As to the remaining counts of the complaint, the defendant left the plaintiff to its proof. On that same date, the defendant filed a motion for a continuance in order to retain counsel to defend against the motion for a judgment of strict foreclosure that had been filed by the plaintiff.

On January 24, 2008, the plaintiff filed a motion for summary judgment as to the defendant's liability and

---

[2] On March 2, 2009, the court granted the plaintiff's motion to substitute LaSalle Bank NA as trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE2 Trust as the plaintiff. We will refer to the plaintiff and the substitute plaintiff as the plaintiff for purposes of this opinion.

attached his answer; an affidavit of Peter Read, an assistant vice president of Washington Mutual Bank, attesting that the plaintiff was the owner of the note and mortgage,[3] and that the debt was in default and the balance due; and copies of the note,[4] mortgage, assignment of the mortgage[5] and notice of intent to accelerate. The court granted the motion for summary judgment as to liability on February 11, 2008, noting that the motion had been unopposed.[6] Thereafter the defendant retained counsel, who filed a motion for permission to amend the defendant's answer and to allege special defenses. The first proposed special defense alleged that the assignment of the mortgage from Long Beach Mortgage Company to LaSalle Bank was executed subsequent to the commencement of the action. The second proposed special defense alleged that Washington Mutual Bank allegedly mailed a notice of intent to accelerate to the defendant on May 6, 2007, and on that date the owner of the note and mortgage was Long Beach Mortgage Company and that Washington Mutual Bank lacked authority to act on behalf of Long Beach Mortgage Company. Moreover, the defendant alleged that the notice of intent to accelerate was void and the

[3] Significantly, Read did not attest as to the date the plaintiff acquired the note.

[4] The copy of the note attached to the motion for summary judgment indicates that the debt is payable to Long Beach Mortgage Company and contains no endorsement. We note that in his answer to the complaint the defendant indicated that the note was held by Long Beach Mortgage Corporation.

[5] The assignment of mortgage attached to the motion for summary judgment states that Long Beach Mortgage Company assigned the mortgage to LaSalle Bank, National Association as Trustee for WMABS Series 2006-HE2 Trust on November 27, 2007.

[6] The defendant filed an objection to the motion for summary judgment on March 20, 2008. In his objection, the defendant stated that the assignment of the mortgage was dated twenty-seven days after the foreclosure action was commenced and therefore the plaintiff did not own the mortgage when the action was served. He attached a copy of the assignment of the mortgage to the objection to the motion for summary judgment.

plaintiff is not entitled to a judgment of foreclosure.[7] The plaintiff objected to the defendant's motion for permission to amend his answer and to file special defenses.[8]

On March 20, 2008, the defendant filed a motion to dismiss the action. In his memorandum of law in support of his motion to dismiss, the defendant stated that the action was filed on November 1, 2007, but the subject mortgage was assigned to the plaintiff on November 27, 2007, and therefore the plaintiff was not the owner of the mortgage on the date the action was commenced and lacked standing to bring it. The plaintiff objected to the motion to dismiss and argued that it was in possession of the subject note and mortgage at the time the action was commenced and that the court could take notice of the endorsement of the note by Long Beach Mortgage Company.[9] The plaintiff also cited General Statutes § 49-17 for the proposition that the statute provides an avenue for the holder of a note to obtain a judgment of foreclosure on the accompanying mortgage deed even if it had not been or never was formally assigned. On March 31, 2008, the defendant filed a supplemental memorandum of law in support of his motion to dismiss in which he contended that the burden was on the plaintiff to demonstrate that it possessed the note on the date the action was commenced and that the operation of § 49-17 does not provide proof of when the plaintiff came into possession of the note.[10]

[7] Copies of the assignment of the mortgage and the notice of intent to accelerate were attached to the proposed amended answer and special defenses.

[8] It appears that no action was taken on the defendant's motion for permission to amend his answer and the objection thereto.

[9] No note or endorsement was attached to the plaintiff's objection.

[10] The defendant attempted to file a request for production that complied with the rules of practice to obtain evidence that the plaintiff possessed the subject note on the date the action was commenced. The court agreed with the plaintiff that there was "no valid discovery request for the court to determine if it has been complied with by the plaintiff."

On January 5, 2009, the court sustained the plaintiff's objection to the motion to dismiss, stating that "[t]he issue is moot, as the court has already ruled on the summary judgment motion."[11] On March 2, 2009, the court rendered judgment of strict foreclosure and set the law day as July 28, 2009. The defendant appealed, claiming that it was improper for the court to deny his motion to dismiss because the plaintiff did not own either the note or the mortgage at the time it commenced the action and, thus, lacked standing, thereby depriving the court of subject matter jurisdiction.[12]

The standard of review applicable to a motion to dismiss is well established. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether

---

[11] It is not clear to us how the motion to dismiss could have been moot, as subject matter jurisdiction may be raised at any time and the court must address the issue before it may proceed with the case. See, e.g., *O'Donnell v. Waterbury*, 111 Conn. App. 1, 5, 959 A.2d 163, cert. denied, 289 Conn. 959, 961 A.2d 422 (2008).

[12] In its brief, the plaintiff argues that the defendant failed to preserve the issue presented or timely file his appeal because the appeal was not filed within twenty days of the date the court denied the motion to dismiss. Generally, the denial of a motion to dismiss is an interlocutory ruling, which is not an appealable final judgment. *Conboy v. State*, 292 Conn. 642, 645 n.5, 974 A.2d 669 (2009); but see *Ware v. State*, 118 Conn. App. 65, 79, 983 A.2d 853 (2009) (denial of motion to dismiss based on colorable claim of sovereign immunity immediately appealable). The defendant timely filed his appeal within twenty days of the court's rendering the judgment of strict foreclosure. See *Glenfed Mortgage Corp. v. Crowley*, 61 Conn. App. 84, 88, 763 A.2d 19 (2000) (foreclosure appealable final judgment).

the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Citations omitted; internal quotation marks omitted.) *State* v. *Bonner*, 290 Conn. 468, 477–78, 964 A.2d 73 (2009).

We first look to the relevant allegations of the plaintiff's complaint. At paragraph 4, the plaintiff alleged, in part: "The [p]laintiff, LaSalle Bank, National Association as trustee for WMABS Series 2006-HE2 Trust, is the holder of said Note and Mortgage." In answering the complaint, the defendant left the plaintiff to its proof as to that allegation. When the plaintiff filed its motion for summary judgment on January 24, 2008, it attached copies of the subject note and mortgage and an assignment of the mortgage. At the time the court granted the motion for summary judgment as to liability, it noted that the motion had been unopposed. The defendant did not file a motion for reargument but sought to amend his answer to include a special defense that the plaintiff did not own the mortgage at the time the action was commenced. The defendant also filed a motion to dismiss the action.

Although our review of the file demonstrates that the copy of the note submitted with the motion for summary judgment does not contain a dated endorsement, the defendant has not claimed on appeal that the court improperly granted the plaintiff's motion for summary judgment.[13] Rather, the defendant challenges the court's denial of his motion to dismiss. The substance of the defendant's appellate claim is that the plaintiff did not own the note at the time it commenced the action, and the mortgage was not assigned to the plaintiff until

[13] Even if the defendant had claimed that the court improperly granted the motion for summary judgment, there is no record as to the basis of the court's finding that there were no genuine issues of material fact, including the date the subject note was endorsed to the plaintiff and that the plaintiff owned the note prior to the commencement of the foreclosure action. The defendant did not file a motion for articulation. See Practice Book § 66-5.

sometime after the action was commenced. The defendant, however, cannot rely on the date the mortgage was assigned to the plaintiff as proof that the plaintiff did not own the note on the date the action was commenced.

"[Section] 49-17 permits the holder of a negotiable instrument that is secured by a mortgage to foreclose on the mortgage even when the mortgage has not yet been assigned to him. . . . The statute codifies the common-law principle of long standing that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage. . . . Our legislature, by adopting § 49-17, has provide[d] an avenue for the holder of the note to foreclose on the property when the mortgage has not been assigned to him." (Citations omitted; internal quotation marks omitted.) *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 576–77, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

The key to resolving the defendant's claim is a determination of when the note came into the plaintiff's possession. We cannot review this claim because the court made no factual finding as to when the plaintiff acquired the note. Without that factual determination, we are unable to say whether the court improperly denied the defendant's motion to dismiss.[14] Although the defendant did not file a motion asking the court to articulate its reason for denying the motion to dismiss, that cannot be the end of the matter because it concerns the trial court's subject matter jurisdiction.

_____

[14] The defendant did not file any exhibits or transcripts of the proceedings in the trial court, if any. We do not know whether there was evidence in addition to the exhibits attached to the motion for summary judgment presented to the court at the time it considered the motion for summary judgment and the motion to dismiss. The defendant has not claimed that the plaintiff submitted insufficient evidence to determine its ownership of the note.

"[S]ubject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . and a judgment rendered without subject matter jurisdiction is void. . . . Further, it is well established that a reviewing court properly may address jurisdictional claims that neither were raised nor ruled on in the trial court. . . . Indeed, [o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *In re DeLeon J.*, 290 Conn. 371, 376, 963 A.2d 53 (2009). The burden of demonstrating that a party has standing to bring an action is on the plaintiff. *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 104, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to [Practice Book] § 10-31 (a) (1) may encounter different situations, depending on the status of the record in the case. As summarized by a federal court discussing motions brought pursuant to the analogous federal rule [i.e., Fed. R. Civ. P. (12) (b) (1)], [l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." (Internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 650–51, 974 A.2d 669 (2009).

"[I]f the complaint is supplemented by *undisputed facts* established by affidavits submitted in support of

the motions to dismiss . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . [W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 651–52.

In this case, the defendant questioned the plaintiff's standing to bring the foreclosure action when it was commenced. The defendant's motion to dismiss was inspired by the exhibits the plaintiff attached to its motion for summary judgment. Read's affidavit attests to the plaintiff being the holder of the note, but it does not resolve the factual issue as to when the plaintiff acquired the note.[15] When the question regarding the plaintiff's standing was raised, the court should have held a hearing to determine whether the plaintiff was the owner or holder of the note at the time the action was commenced. It is fundamental that appellate courts do not make findings of fact. *Stevenson* v. *Commissioner of Correction*, 112 Conn. App. 675, 683 n.1, 963 A.2d 1077 (when record on appeal devoid of factual findings, improper for appellate court to make its own findings), cert. denied, 291 Conn. 904, 967 A.2d 1221 (2009). The case, therefore, must be remanded to the trial court for a hearing to determine whether the plaintiff was the owner or holder of the subject note at the time the action was commenced. See *Cross* v. *Hudon*, 27 Conn. App. 729, 734, 609 A.2d 1021 (1992) (court improperly failed to conduct evidentiary hearing because jurisdiction hinged on factual determination).

---

[15] On appeal, the plaintiff has argued, supported by citations to authority, that the holder of a note rightly may foreclose the mortgage. That argument, however, is beside the point. The relevant question is when the plaintiff became the holder of the subject note.

The judgment is reversed and the case is remanded for a hearing on the motion to dismiss.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.